# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

United States of America
v.

Lindsay Walker

**ORDER OF DETENTION PENDING TRIAL**

Case Number: CR-19-01126-02-PHX-MTL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established: *(Check one or both, as applicable.)*

☒ by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending trial in this case.

☒ by a preponderance of the evidence the defendant is a flight risk and require the detention of the defendant pending trial in this case.

## PART I -- FINDINGS OF FACT

☐ (1) There is probable cause to believe that the defendant has committed
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq, or 46 U.S.C. App. § 1901 et seq.
  ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).
  ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.
  ☐ an offense involving a minor victim prescribed in .[1]

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☐ (1) There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐ (2) No condition or combination of conditions will reasonably assure the safety of others and the community.

☐ (3) There is a serious risk that the defendant will obstruct or attempt to obstruct justice; or threaten, injure, or intimidate a prospective witness or juror.

---

[1]Insert as applicable: Title 18, § 1201 (kidnapping), § 1591 (sex trafficking), § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), §2244(a)(1) (abusive sexual contact), § 2245 (offenses resulting in death), § 2251 (sexual exploitation of children), § 2251A (selling or buying of children), § 2252 et seq. (certain activities relating to material involving sexual exploitation of minors), § 2252A et seq. (certain activities relating to material constituting or containing child pornography), § 2260 (production of sexually explicit depictions of minors for importation into the U.S.), § 2421 (transportation for prostitution or a criminal sexual activity offense), § 2422 (coercion or enticement for a criminal sexual activity), § 2423 (transportation of minors with intent to engage in criminal sexual activity), § 2425 (use of interstate facilities to transmit information about a minor).

# PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check one or both, as applicable.)*

☒      (1)    I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence as to danger.

☒      (2)    I find by a preponderance of the evidence as to risk of flight that:

        ☐    The defendant has no significant contacts in the District of Arizona.

        ☐    The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

        ☒    The defendant has a prior criminal history.

        ☐    There is a record of prior failure to appear in court as ordered.

        ☐    The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

        ☐    The defendant is facing a minimum mandatory of   incarceration and a maximum of .

☐    The defendant does not dispute the information contained in the Pretrial Services Report, except:


☒    In addition:
<u>On 10/22/18, Defendant was placed on three years of felony probation in Maricopa County for an Armed Robbery-related offense. Defendant allegedly committed the charged offenses on August 26, 2019, less than 11 months later. Defendant is charged with Kidnapping, Robbery, and Use of a Firearm during a crime of violence. The probable cause statement of the complaint describes Defendant and co-defendant taking the victim from his home and kidnapping him at gunpoint. The alleged commission of these offenses while Defendant was on felony probation for a serious offense is deeply disturbing. The parties all agree Defendant has a significant methamphetamine addiction. The parties also agree Defendant should be placed in residential treatment at Crossroads. Despite this agreement, the Court is in the rare position of disagreeing with the parties. Defendant's drug use did not cause her to be involved in two highly dangerous situations within 12 months. Defendant's drug treatment on felony probation did not prevent her from allegedly committing the current offenses. Although Crossroads is an excellent program, Defendant's failure to improve with probation drug treatment presages an increased risk to abscond and be a danger to the community. Although the Court agrees that the co-Defendant may have been abusive and the primary actor in these crimes, Defendant is still charged with these three serious offenses. Defendant also chose to associate with the co-Defendant even though she was on felony probation. Based upon a review of all the Bail Reform Factors, the Court finds Defendant is a flight risk and danger for which no conditions</u>

<u>will reasonably secure her future appearance or adequately protect the community. The Court notes that the Maricopa County Probation Department indicated it does not intend to file a probation violation petition until the federal case results in a conviction.</u>

The Court incorporates by reference the findings in the Pretrial Services Report which were reviewed by the Court at the time of the hearing in this matter.

### PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

### PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Judge. Pursuant to Rule 59, FED.R.CRIM.P., Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the District Court. Failure to timely file objections may waive the right to review. *See* Rule 59, FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Judge to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

Dated this 11th day of December, 2019.

Honorable John Z. Boyle
United States Magistrate Judge